1  Robert Y. Lewis (Cal. Bar #153948)
2  E-mail: robertlewis@marshlaw.us
3  **MARSH LAWFIRM PLLC**
4  P.O. Box 4668 #65135
5  New York, NY 10163-4668
6  Telephone / Fax: (212) 372-3030
7
8  Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

------------------------------------------------X
"Amy"

                     Plaintiff,

v.

Gregory Allen Webb

                     Defendant.
------------------------------------------------X

LACV14-7556 RGK (JEMx)

Civ. No. _____

**COMPLAINT**

JURY TRIAL DEMANDED

9       Plaintiff "Amy," proceeding by pseudonym and through her attorneys of
10  record Marsh Law Firm PLLC, alleges for her complaint as follows:

11  <b><u>NATURE OF THE ACTION</u></b>

12      1.    This is a suit for damages arising out of Defendant Gregory Allen
13  Webb's ("Webb's") violations of federal criminal child pornography statute 18
14  U.S.C. § 2252A(a)(5)(B) and (b)(2).

15      2.    The action seeks to recover damages of no less than $150,000 and the
16  cost of the suit, including reasonable attorney's fees, under 18 U.S.C. § 2255(a), as

1  well as compensatory and punitive damages, the costs of the civil action, and
2  reasonable fees for attorneys and expert witnesses under 18 U.S.C. § 2252A(f).
3      3.    Plaintiff is also entitled to compensatory damages and attorneys' fees
4  stemming from Webb's invasion of her privacy interests in violation of California
5  law.

## PARTIES

7      4.    Plaintiff Amy currently resides in the State of Pennsylvania.
8      5.    "Amy" is a pseudonym for the child victim depicted in the child
9  pornography series known as the "Misty series".
10     6.    Webb is a resident of California and currently resides at 119
11 Driftwood Street #7, Marina Del Ray, CA 90292.

## JURISDICTION AND VENUE

13     7.    Federal subject matter jurisdiction is proper pursuant to 28 U.S.C. §
14 1331 because this is a civil action arising under federal laws -- 18 U.S.C.
15 §§ 2252A(f) and 2255.
16     8.    This Court has pendent jurisdiction over the California common law
17 claims.
18     9.    Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) because
19 (i) this is a civil action brought in the judicial district where Defendant resides and

(ii) a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district.

## PLAINTIFFS' RIGHT TO PROCEED UNDER A PSEUDONYM

10. Amy has the right to proceed under a pseudonym. The prosecution of this suit compels Amy to make disclosures of utmost intimacy about her sex abuse as a child and the distribution of those images to and among people such as Defendant ever since.

11. Amy also has a very real and reasonable fear of severe harm if her identity is disclosed because it would allow those who trade and view child pornography to attempt to contact her, thus re-victimizing her. Amy's victimization from childhood sex abuse is unknown even to close friends and family. Thus, compelling her to reveal her identity would force her to disclose information of the "utmost intimacy" to the world.

12. If victims of child pornography were forced to publically disclose their identities, they would be far less likely to pursue their right to restitution and other compensation. Additionally, Amy's need for anonymity outweighs any prejudice to Defendant or the public's interest in knowing her identity.

13. Amy shall file a motion for leave to proceed by pseudonym shortly after Defendant appears in this case.

## FACTS

**Webb's Arrest for Child Pornography Crimes Involving Amy and Other Children, including Possession of Sado-Masochistic Child Sex Abuse Images**

14. In September and October 2007, on three separate occasions, Webb distributed child pornography to an undercover agent via the instant messaging program Google Hello!.

15. During the first instance, Webb distributed 177 images, nine of which were child pornography images; during the second, Webb distributed 160 images, 12 of which were child pornography images; and during the third, Webb distributed 694 images, eight of which were child pornography images.

16. In March 2008, the FBI executed a search warrant on Webb's apartment and seized his computer. Approximately 280 images of child pornography were found on Webb's computer.

17. As noted by the Probation Officer, the majority of images Webb possessed depicted images of prepubescent girls lewdly exposing their genitalia as well as masturbating and engaging in actual or simulated sexual intercourse with adult males.

18. Webb also possessed several images of toddlers, ages three and four years old, being penetrated by adult males.

19. In a signed, written plea agreement Webb admitted that some of the images he sent to the undercover agent involved minors under the age of 12 years engaged in sexually explicitly conduct including but not limited to penetration, oral copulation, and lascivious exhibition of the genitals or the pubic area of minors. He also admitted that these images were child pornography under 18 U.S.C. §2256(8)(A).

20. Pursuant to the plea agreement, defendant pleaded guilty to possession of child pornography in violation of Title 18 U.S.C. § 2252A(a)(5)(B), (b)(2). In the sentencing memorandum, the government stated that although defendant was permitted to plead to possession alone, he had also knowingly and purposefully distributed child pornography when he sent pornographic images to the undercover agent using the instant messaging program "Google Hello!".

**Notice to Amy of Webb's Criminal Conduct Involving Her Child Sex Abuse Images**

21. Law enforcement provided copies of the child sex abuse images from Webb's computer to the National Center for Missing and Exploited Children (NCMEC). Child Victim Identification Program (CVIP) analysts at NCMEC matched images on Webb's computer to images of Amy in NCMEC's database and notified the government of its findings in a CVIP report.

22. Upon information and belief, one or more of the images found on Webb's computer and computer files are of Amy in the "Misty Series", which shows Amy being sexually abused as a child by an adult man. The Misty Series is widely circulated among pedophiles and child molesters.

23. Amy received notice from the government of Webb's criminal conduct involving her child sex abuse images.

## CLAIMS

### FIRST CLAIM FOR RELIEF
### 18 U.S.C. § 2255(a)

24. Amy repeats and re-alleges all prior paragraphs.

25. 18 U.S.C. § 2255, entitled "Civil remedy for personal injuries," provides that any person who is a victim of a violation of 18 U.S.C. §§ 2252A and other provisions and who suffers personal injury as a result of such violation shall recover the actual damages the person sustains and the cost of the suit, including a reasonable attorney's fee.

26. 18 U.S.C. § 2255(a) further provides that any victim described in Section 2255 "shall be deemed to have sustained damages of no less than $150,000 in value."

27. 18 U.S.C. § 2252A(a)(2) makes it criminal to

> "knowingly receive[] or distribute[] ---(A) any child pornography that has been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign

commerce by any means, including by computer; or (B) any material that contains child pornography that has been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer."

28. 18 U.S.C. § 2252A(a)(5)(B) makes it criminal to

"knowingly possess[], or knowingly access[] with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer."

29. Defendant received and possessed pornographic images of Amy being abused as a young girl, which images were transported in interstate and foreign commerce by computer in violation of 18 U.S.C. §§ 2252A(a)(2) and 2252A(a)(5) respectively.

30. Amy is a victim of Defendant's violation of Sections 2252A(a)(2)(A) and (a)(5)(B), and has suffered personal injury as a result of Defendant's criminal acts. These personal injuries include, without limitation, emotional and psychic pain, violation of privacy interests and injury to reputation and well-being.

31. Amy is entitled to, including without limitation, damages of at least $150,000, the cost of suit including a reasonable attorney's fee, prejudgment and

post-judgment interest, any other losses in an amount to be ascertained according to proof at trial, and such other relief as the Court deems appropriate.

## SECOND CLAIM FOR RELIEF
## 18 U.S.C. § 2252A(f)

32. Amy repeats and re-alleges all prior paragraphs.

33. Pursuant to 18 U.S.C. § 2252A(f), any person aggrieved by reason of the conduct prohibited in Section 2252A(a) is entitled to "appropriate relief", including compensatory and punitive damages, the costs of the action, and reasonable fees for attorneys and expert witnesses.

34. Defendant engaged in conduct prohibited by Section 2252A(a).

35. The child sex abuse images that Defendant received and distributed over the Internet and possessed in violation of Section 2252A(a) included images of Amy.

36. Amy was aggrieved as a result of Defendant's criminal acts.

37. Amy is entitled to, including without limitation, compensatory and punitive damages, the costs of this action, reasonable fees for attorneys and expert witnesses, prejudgment and post-judgment interest, any other losses in an amount to be ascertained according to proof at trial, and such other relief as the Court deems appropriate.

# THIRD CLAIM FOR RELIEF
# INVASION OF PRIVACY
# INTRUSION INTO PRIVATE AFFAIRS

38. Amy repeats and re-alleges all prior paragraphs.

39. Defendant possessed images of Amy being raped as a young child. Amy did not, and as a young child could not, consent to the rape or to the taking of or reproduction of the images of her being raped. As a child, Amy had a reasonable expectation of privacy with respect to these most intimate matters, an expectation that was violently and tragically violated.

40. In possessing Amy's child sex abuse image, Webb unreasonably and seriously interfered with Amy's interest in not having her affairs known to others or her likeness exhibited.

41. Webb intentionally and willfully interfered with Amy's solitude, seclusion, and/or private affairs or concerns.

42. Webb knew or had reason to know that the images he intentionally possessed were captured and reproduced in violation of Amy's right of privacy.

43. The possession of such images is highly offensive to a reasonable person and did not contribute to any legitimate public interest.

44. Amy suffered personal injury as a result of Webb's criminal acts.

45. Amy was harmed and continues to be harmed as a result of Webb's violation of her common law right of privacy and is entitled to damages.

## VI. RELIEF REQUESTED

WHEREFORE, Amy requests judgment against Defendant Gregory Allen Webb as follows:

    a. Statutory damages of no less than $150,000 pursuant to 18 U.S.C. § 2255(a);

    b Actual damages pursuant to 18 U.S.C. § 2255(a) and the common law;

    c. Compensatory damages pursuant to 18 U.S.C. § 2252A(f)(2)(B) and the common law;

    d. Punitive damages in an amount sufficient to punish the Defendant and deter others from like conduct pursuant to 18 U.S.C. § 2252A(f)(2)(B) and the common law; and

    e. Costs of the action pursuant to 18 U.S.C. §§ 2255(a) and 2252A(f)(2)(C);

    f. Reasonable attorneys' fees pursuant to 18 U.S.C. §§ 2255(a) and 2252A(f)(2)(C);

    g. Reasonable fees for expert witnesses pursuant to 18 U.S.C. § 2252A(f)(2)(C);

    h. Prejudgment and post-judgment interest;

i. Any relief within the Court's jurisdiction appropriate to the proof, whether or not demanded; and

j. Such other and further relief as the Court deems just and proper.

Dated: September 26, 2014

                MARSH LAW FIRM PLLC

                By   /s/Robert Y. Lewis
                Robert Y. Lewis
                robertlewis@marshlaw.us
                P.O. Box 4668 #65135
                New York, NY 10163-4668
                Telephone / Fax: (212) 372-3030

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
"Amy"

**DEFENDANTS** (Check box if you are representing yourself ☐)
Gregory Allen Webb

**(b) County of Residence of First Listed Plaintiff** Scranton
(EXCEPT IN U.S. PLAINTIFF CASES)

**County of Residence of First Listed Defendant** Los Angeles
(IN U.S. PLAINTIFF CASES ONLY)

**(c) Attorneys** (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information.
Robert Lewis, Marsh Law Firm PLLC
P.O. Box 4668 #65135
New York, NY 10163, (212) 372-3030

**Attorneys** (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information.
Unknown

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No  (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes  ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT:** $ at least $150,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
18 USC 2255(a), 18 USC 2252A(f), and Invasion of Privacy

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS PERSONAL INJURY** | **TORTS PERSONAL PROPERTY** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☒ 360 Other Personal Injury | ☐ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: **LACV14-7556**

CV-71 (06/14)                          CIVIL COVER SHEET                          Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court?<br>☐ Yes  ☒ No<br><br>If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action?<br>☐ Yes  ☒ No<br><br>If "no," skip to Question C. If "yes," answer Question B.1, at right. | B.1. Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br>check one of the boxes to the right ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there.<br><br>☐ NO. Continue to Question B.2. |
|---|---|---|
| | B.2. Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br>check one of the boxes to the right ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there.<br><br>☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action?<br>☐ Yes  ☒ No<br><br>If "no," skip to Question D. If "yes," answer Question C.1, at right. | C.1. Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br>check one of the boxes to the right ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there.<br><br>☐ NO. Continue to Question C.2. |
|---|---|---|
| | C.2. Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br>check one of the boxes to the right ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there.<br><br>☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A.<br>Orange County | B.<br>Riverside or San Bernardino County | C.<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☐ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |

| D.1. Is there at least one answer in Column A?<br>☐ Yes  ☒ No<br><br>If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question E, below, and continue from there.<br>If "no," go to question D2 to the right. ➡ | D.2. Is there at least one answer in Column B?<br>☐ Yes  ☒ No<br><br>If "yes," your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question E, below.<br>If "no," your case will be assigned to the WESTERN DIVISION.<br>Enter "Western" in response to Question E, below. ⬇ |
|---|---|

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | WESTERN |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes | ☒ No |

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court**?

If yes, list case number(s): _____

☒ NO  ☐ YES

**IX(b). RELATED CASES:** Is this case related (as defined below) to any cases previously filed **in this court**?

If yes, list case number(s): _____

☒ NO  ☐ YES

Civil cases are related when they:

☐ A. Arise from the same or closely related transactions, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Check all boxes that apply. That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** /s/Robert Lewis    DATE: 9/26/2014

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

"Amy"

    *Plaintiff(s)*

v.

Gregory Allen Webb

    *Defendant(s)*

Civil Action No. LACV14-7556 RGK (JEMx)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Gregory Allen Webb

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Robert Lewis
    Marsh Law Firm PLLC
    P.O. Box 4668 #65135
    New York, NY 10163-4668

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date: SEP 29 2014

CLERK OF COURT

*Signature of Clerk or Deputy Clerk*

1174

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*
_____, a person of suitable age and discretion who resides there,
on *(date)* _____, and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____, who is
designated by law to accept service of process on behalf of *(name of organization)*
_____ on *(date)* _____; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: