FILED
CLERK, U.S. DISTRICT COURT

MAY - 4 2015

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

"AMY",                        (
            Plaintiff         (
                              (
v.                            (    Civil No. LACV15-7556(RGK)
                              (
GREGORY ALLEN WEBB,           (
            Defendant         (

DEFENDANT WEBB'S ANSWER AND DEMAND FOR JURY TRIAL

NOW COMES Gregory Allen Webb,(hereafter WEBB),the defendant
pro se, and answers the complaint as follows:

ADMISSIONS AND DENIALS

1.    Defendant WEBB admits the allegations of paragraphs
5,7,8,9,10,11,12,13,19.26,27,28,33  and 34 of Plaintiff's complaint.

2.    Defendant WEBB lacks sufficient information or knowledge
to determine at this stage of the proceeding whether the allegations
of paragraphs  4,17,18,21,22,23, and 35 of Plaintiff's complaint
are true or not, and on this basis Defendant WEBB denies the
allegations in these paragraphs.

3.    Defendant WEBB denies each and every allegation of
paragraphs 1,2,3,6,24,30,31,32,36,37,38,40,41,42,43,44 and 45
of Plaintiff's complaint.

4.    Defendant WEBB admits that in September  and October
of 2007 he forwarded a batch file of images from an informant
to an undercover agent via instant messaging, but denies the
allegations of paragraph 14 that he knowingly distributed child
pornography, because he never opened or viewed the image files
and has no personal knowledge of their contents.

5.    WEBB admits he forwarded images files but denies any
knowledge of the number and contents of the image files as alleged
by paragraph 15.

6.     WEBB admits that FBI agents seized his computer in March 2008 but denies allegations of paragraph 16 because he has never viewed any of the images alleged to be childpornography and has no knowledge of their number or nature.

7.     WEBB's plea agreement admitted that at least one image found in his computer met the definition of child pornography, but WEBB's guilty plea did not admit distributing child pornography via Google Hello and WEBB denies such allegations in paragraph 20.

8.     WEBB admits that 18 USC 2255(a) creates a cause of action for victims of specified offenses, but paragraph 25 omits the text requiring "any person who while a minor was a victim of a violation of [listed predicates] and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue". 28 USC 2255(a). WEBB denies that paragraph 25 states the elements of the cause of action accurately because of the ommission of the text "while a minor" preceding "was a victim".

9.     WEBB admits   that an image found on his computer was an image of AMY only because law enforcement officers state the photo matched AMY's image, but WEBB denies ever viewing a image of Amy and never viewed any of the images found on his computer,which were sent tohim as a batch file by an informant. WEBB has no knowledge of what Amy looks like at any age and could not identify her now or as she appeared as a child and denies knowing possession of pornographic images of Amy as alleged in paragraph 29.

10.     WEBB admits that Amy had a reasonable expectation of

privacy and lack of capacity to consent to sex as a child, but denies allegations of paragraph 39 that he was aware of contents or nature of any images of Amy found on his computer.

## AFFIRMATIVE DEFENSES

### First Defense-Lack of Capacity to be Sued

11.   Defendant WEBB lacks the capacity to be sued pursuant to statutory immunity granted by Virginia Code 53.1-223, made applicable to this action by Rule 17(b)(1), FRCvP.

12.   WEBB's domicile is the Commonwealth of Virginia and service of the complaint was made on him at Petersburg, VA. WEBB is a prisoner at FCI Petersburg in the Commonwealth of Virginia and was a prisoner on the date he was served with Plaintiff's complaint. In her memorandum in opposition to Defendant's motion for change of venue, Plaintiff acknowledges that Defendant was incarcerated at FCI Petersburg when served on January 7,2015 and that WEBB is currently incarcerated.

13.   WEBB's capacity to be sued as an individual is determined by the law of his domicile, Rule 17(b)(1) FRCvP. Under the law of Virginia, which is WEBB's domicile, "no action or suit shall be maintained against a prisoner while he is incarcerated except through his committee, unless a guardian ad litem is appointed for the prisoner or an attorney licensed in the Commonwealth of Virginia has entered of record an appearance for such prisoner",Virginia Code 53.1-223. A person convicted of a felony is under a disability during period he is confined. Virginia Code 8.01-2(6). If an incarcerated person is sued  and not represented by an attorney or a guardian ad litem, no valid judgment may be entered.Virginia

Code 8.01-9.

14.   No committee has been appointed to act as guardian
of WEBB's property interests while he is incarcerated. WEBB is
not represented by an attorney in this action, and is an indigent
prisoner with no assets or income who is unable to retain counsel.
The Court has not appointed a guardian ad litem for WEBB.
Because WEBB is not represented by an attorney or guardian ad litem or
sued through a       committee, he lacks capacity to be sued under
the law of his domicile and this action is barred  by the stat-
utory immunity from suit granted by Virginia Code 53.1-223.

Second Defense-Res Judicata

15.   The plaintiff's action is barred by the principles
of res judicata or claim preclusion.

16.   The parties in this action engaged in prior litigation
of an action for restitution in criminal proceedings of United States
v. Webb, Criminal No. 2:13-cr-00750-R-1 and Defendant WEBB requests
that this Court take judicial notice of all public records filed
in that case pursuant to Federal Rules of Evidence 201(b)(1) and
(c)(2).

17.   After WEBB was convicted by guilty plea of possession
of child pornography in violation of 18 USC 2252A(a)(5)(B) and(b)(2),
Plaintiff AMY intervened in the case by requesting restitution
for injuries allegedly resulting from WEBB"s violation of law.
The US Attorney represented Plaintiff after Plaintiff requested
restitution and the Government and Plaintiff were in privity as
parties opposing WEBB during that litigation.

18.   The US Attorney filed a "position re restitution",Document
42, supported by exhibits filed under seal, Document 43. on

4

July 18,2014 on behalf of Plaintiff. These filings contended that
Plaintiff AMY was a victim of WEBB's commission of a crime under
18 USC 2252A because an    image of AMY had been found in a computer
seized from WEBB on March 8,2008, a victim being an individual
harmed as the result of commission of a crime under Chapter 18
USC 2250 et seq. The Government alleged WEBB"s criminal conduct
resulted in personal injury and loss to AMY and that WEBB should
pay restitution to AMY for the full amount of her loss in the amount
of approximately $300,000, all pursuant to the mandatory restitution
statute 18 USC 2259. The Government and Plaintiff AMY rejected
WEBB's offer to settle for $1000 in restitution.

   19.   At sentencing on August 4,2014, the District Court
denied Plaintiff's request that WEBB be orderd to pay her restitution.
The District Court ruled that Plaintiff Amy had not established
by a preponderance of the evidence that any criminal act by WEBB
had resulted in a loss to her. The District Court ordered WEBB
to pay another person, "Cindy", restitution in the amount of $1000
as agreed between WEBB and CIndy in a stipulation, Document 45.
See Judgment, Document 47 and Minutes of Sentencing Document 46.

   20.   The three claims asserted in this action are barred by
the doctrines of res judicata/claim preclusion because Plaintiff's
three claims, under 18 USC 2255(a), 2252A(f), and a state law claim
for invasion of privacy, each allege that Plaintiff was harmed,
aggrieved or suffered personal injury as a result of WEBB's alleged
possession of Plaintiff's image on March 8,2008 and the facts and
elements of these claim are identical to Plaintiff's claim for
restitution against Defendant WEBB, which was denied by the District

Court on August 4,2014. Plaintiff and the Government did not appeal the District Court's denial of the restitution claim, which is thus a final judgment denying Plaintiff's claim of harm resulting from a violation of 18 USC 2252A by WEBB. The District Court applied the same standard of proof, preponderance of the evidence, to the restitution claim pursuant to 18 USC 3664(e) as applies to the claims in this action.

Third Defense-Collateral Estoppel

19.    Defendant WEBB refers to and incorporates by reference the allegations of paragraphs 15 to 18 of this answer as if set forth here.

20.    Even if the Court does not find the Plaintiff's claim is barred by the principle of res judicata/claim preclusion, the Plaintiff's three claims for relief are still barred and are defective, because an essential element of those claims has been adversely determined against the Plaintiff in earlier litigation concerning restitution and the Plaintiff is estopped from relitigating this issue now under the principles of collateral estoppel/issue preclusion.

21.  An essential element of each of Plaintiff's claims is that WEBB committed a violation of 18 USC 2252A on March 8,2008 by possessing AMY's image, and the  criminal violation resulted in harm or personal injury to AMY compensable by damages. The District Court's denial of Plaintiff's restitution claim made it clear that no act of WEBB resulted in loss or injury to PLaintiff, because under 18 USC 2259(a) restitution is mandatory if a victim is harmed by commission of a crime under 18 USC 2252A

and restitution must be ordered in the full amount of the victim's losses, without consideration of the economic circumstances of the defendant.   The District Court denied Plaintiff's claim or motion for restitution based on a factual finding that no harm or loss to Plaintiff AMY had resulted from WEBB's criminal acts, and this issue of fact may not be relitigated in this action. When determining Plaintiff's claim for restitution, the District Court applied the exact same standard of proof which governs this action, preponderance of the evidence, and conclusively determined the issue of whether Plaintiff suffered loss or injury from Defendant's criminal acts adversely to Plaintiff, thereby estopping Plaintiff from relitigating the causation issue or element of the three claims in the instant cause of action.

Fourth Defense-Statute of Limitations

22.   Each of Plaintiff's three claims is barred by the statute of limitations applicable to that claim.

23.   Each cause of action alleges injury resulted from Defendant WEBB"s possession of images of Plaintiff on or before March 8,2008. The computer containing the images was seized by law enforcement on March 8,2008 and no images were possessed by WEBB after that date. Plaintiff's cause of action accrued no later than March 8,2008, the latest date of any criminal act by WEBB which may serve as a predicate for these causes of action.

24.   Plaintiff's causes of action under 18 USC 2255(a), 18 USC 2252A(f) and a California tort of invasion of privacy are subject to statutes of limitation of six years, four years and one year respectively. Plaintiff's complaint was filed six years and

six months after the claims accrued on March 8,2008 and each claim is barred by the applicable statute of limitation.

25.   No "discovery rule" applies to Plaintiff's claims so as to render them timely. There are no grounds for equitable tolling of the limitations periods.

Fifth Defense-Failure to State a Claim

26.   The complaint failed to state facts sufficient to constitute a claim on which relief may be granted.

27.   An element of Plaintiff's cause of action under 18 USC 2255(a) is that Plaintiff "while a minor, was a victim of a violation of 18 USC 2252A" committed by Defendant WEBB which resulted in personal injury to Plaintiff. Plaintiff does not allege that she was a minor on March 8,2008 when Plaintiff committed the crime under 18 USC 2252A alleged as the predicate for the cause of action and is unable to allege facts to establish this element because she was over the age of 18 on March 8,2008.

28.   An element of Plaintiff's causes of action under 18 USC 2255(a), 18 USC 2252A(f) and invasion of privacy is that the alleged possession of Plaintiff's images by Defendant WEBB was the proximate cause of personal injury, loss or damages to Plaintiff. The complaint does not allege facts sufficient to establish this element of the claims.

PRAYER FOR RELIEF

WHEREFORE, Defendant prays judgment:

A.   That Plaintiff take nothing by her complaint in this action.

B.   That judgment be entered for the Defendant in this action.

C.   That Defendant be awarded his costs of suit.

   D.    For any further relief as seems just and proper to the Court.

Submitted on April 27, 2015.

Gregory Allen Webb
Defendant pro se
#66939-112
FCI Petersburg Low
PO Box 1000
Petersburg, VA 23804

### Verification

I declare under penalty of perjury, pursuant to 28 USC 1746, that all facts stated in this answer are true and correct and further declare that I filed this answer within 14 days of service of the Court's order denying my motion to dismiss by delivering same to the prison legal mail officer of FCI Petersburg Low on April 27, 2015 with first class postage prepaid  for mailing to the Clerk of this Court, pursuant to the "prison mailbox rule".

Executed on April 27, 2015.

Gregory Allen Webb

### Certificate of Service

I certify that on April 27, 2015 I mailed a copy of this Answer with firstclass postage prepaid addressed to Plaintiff's counsels:

Mr. Robert Lewis, Marsh Law Firm, PO Box 4668 #65135, New York NY 10163-4668.

Mr. Russell G. Petti, 466 Foothill Blvd. #389, La Canada, CA 01011.

Gregory Allen Webb

⇔66939-112⇔
Greg Webb
Inmate # 66939-112
Federal Correction Complex - Low
P.O. Box 1000
Petersburg, VA 23804
United States

2015 APR 28 A II: 08

FC

PETERSBURG
VA 23804

to the above...

...was processed through special mailing
...you. T... ...m...
...if the writer ...e... a ...n
...ty has jurisdiction you may
...further information or
...ss correspondence for
...se return the enclosure

⇔66939-112⇔
U S District Court
Central Dist. of Cali.
Attn. Clerk's Office
312 N. Spring ST.
LOS Angeles, CA 90012
United States

STANDARD POST



RECEIVED
CLERK, U.S. DISTRICT COURT

MAY - 4 2014

CENTRAL DISTRICT OF CALIFORNIA
BY              DEPUTY

RGK

