Robert Y. Lewis (Cal. Bar # 153948)
Email -- robertlewis@marshlaw.us
Marsh Law Firm PLLC
P.O. Box 4668 #65135
New York, NY 10163-4668
Telephone / Fax: (212) 372-3030

Russell G. Petti (Cal Bar # 137160)
E-mail: rpetti@petti-law.com
Law Offices of Russell G. Petti
466 Foothill Blvd. # 389
La Canada, California 91011
Telephone: (818) 952-2168
Attorneys for Plaintiff

Gregory Allen Webb
Defendant Pro Se
Dismas Charities Inc.
307 N. Church Street
Greensboro, NC 27401

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| "AMY" | Civil No. 14-cv-7556(RGK)(JEMx) |
| Plaintiff, | **JOINT REPORT OF MEETING UNDER RULE 26(f)** |
| vs. | Scheduling Conference: |
| | August 10, 2015 at 9:00 AM |
| **GREGORY ALLEN WEBB,** | |
| Defendant. | |

1

TO THE HONORABLE JUDGE OF SAID COURT:

The Parties hereby jointly submit their Report of their meeting, as required by Fed. R. Civ. P. 26(f), Local Rule 26-1, and this Court's Order of April 17, 2015. A telephonic conference was held on July 20, 2015 and was attended by Robert Y. Lewis for Plaintiff "Amy" and Defendant Gregory Allen Webb, appearing *pro se*.

1. Statement of the Case

   A. Plaintiff's Statement

Plaintiff Amy alleges that in September and October 2007, on three separate occasions, Defendant Webb distributed child pornography to an undercover agent via the instant messaging program Google Hello!. During the first instance, Webb distributed 177 images, nine of which were child pornography images; during the second, Webb distributed 160 images, 12 of which were child pornography images; and during the third, Webb distributed 694 images, eight of which were child pornography images. In March 2008, the FBI executed a search warrant on Webb's apartment in Marina Del Ray, California, and seized his computer. Approximately 280 images of child pornography were found on Webb's computer.

In a signed, written plea agreement Defendant Webb admitted that some of the images he sent to the undercover agent involved minors under the age of 12 years engaged in sexually explicitly conduct including but not limited to penetration, oral copulation, and lascivious exhibition of the genitals or the pubic

area of minors. He also admitted that these images were child pornography under 18 U.S.C. §2256(8)(A).

Pursuant to the plea agreement, defendant pleaded guilty to possession of child pornography in violation of Title 18 U.S.C. § 2252A(a)(5)(B), (b)(2).  In the sentencing memorandum, the government stated that although defendant was permitted to plead to possession alone, he had also knowingly and purposefully distributed child pornography when he sent pornographic images to the undercover agent using the instant messaging program "Google Hello!".

One or more of the images found on Webb's computer and computer files are of Amy in the "Misty Series", which shows Amy being sexually abused as a young girl by an adult man.  The Misty Series is widely circulated among pedophiles and child molesters. Amy received notice from the government of Webb's criminal conduct involving her child sex abuse images.  Plaintiff seeks damages pursuant to 18 U.S.C. 2255, 18 U.S.C. 2252A and for invasion of privacy.

Plaintiff brings her First Claim for Relief pursuant to 18 U.S.C. § 2255, entitled "Civil remedy for personal injuries," which provides that any person who is a victim of a violation of 18 U.S.C. §§ 2252A and other provisions and who suffers personal injury as a result of such violation shall recover the actual damages the person sustains and the cost of the suit, including a reasonable attorney's fee.  18 U.S.C. § 2255(a) further provides that any victim described in

Section 2255 "shall be deemed to have sustained damages of no less than $150,000 in value."

Plaintiff's Second Claim for Relief alleges that Defendant's conduct violated 18 U.S.C. § 2252A(f) which provides that any person aggrieved by reason of the conduct prohibited in Section 2252A(a) is entitled to "appropriate relief", including compensatory and punitive damages, the costs of the action, and reasonable fees for attorneys and expert witnesses.

Plaintiff's Third Claim for Relief alleges that Defendant's possession of Plaintiff's sex abuse images was an invasion of privacy under California law.

B.  Defendant's Statement

See Attachment A.

2. Manual for Complex Litigation

Plaintiff does not anticipate utilizing the Manual for Complex Litigation. Defendant does not now know what position he takes on use of the manual for Complex Litigation.  He needs to investigate.

3. Discovery Plan

A. Rule 26(a). No changes should be made in the timing, form or requirement for disclosures under Rule 26(a).  The Parties intend to exchange their Rule 26(a) Initial Disclosures by august 3, 2015.

B. <u>Subjects on Which Discovery Will be Needed</u> –

    i.    <u>Plaintiff</u> will seek discovery on the following issues: (i) defendant's possession and distribution of child pornography, including images of Amy; (ii) whether defendant possessed or distributed the images with evil motive or intent or with reckless or callous indifference to Amy; (iii) whether defendant intentionally and willfully interfered with Amy's solitude, seclusion, and/or private affairs or concerns; (iii) whether defendant knew or had reason to know that the images he intentionally possessed were captured and reproduced in violation of Amy's right of privacy; and (iv) whether the possession of such images is highly offensive to a reasonable person and did not contribute to any legitimate public interest.

    ii.    <u>Plaintiff</u> will demand that defendant produce the discovery he (or his defense counsel) received from the government in the criminal action. She will also issue a Rule 45 subpoena to the government for documents pertaining to the criminal investigation. Plaintiff will depose defendant.

    iii.    <u>Defendant</u> has will seek discovery on the following issues: See Attachment B

C. Plaintiff does not believe that discovery will need to be conducted in stages, defendant does not know whether it will need to be conducted in stages.

D. <u>Electronically Stored Information</u>: To the extent that discoverable information is electronically stored, the Parties shall produce such information in either its native format or an accessible format such as Microsoft Excel, .tif format, or Adobe Acrobat format (OCR readable and .pdf file format).

E. <u>Claims of Privilege</u>: The Parties do not anticipate any unusual issues regarding claims of privilege. There should be no issue of privilege concerning documents and other information received by the defendant and his counsel from the government in the criminal case. However, to the extent the parties assert privilege to discoverable information they will provide the other side with a privilege log identifying the date of the document, the author and recipient, the subject matter, and the basis for the privilege

F. <u>Changes in Limitations on Discovery</u>: Plaintiff does not believe any changes should be made in the limitations on discovery imposed under

1    the Federal or Local Rules. Defendant does not now know whether any
2    such changes should be made.
3    G. <u>Rule 26(c) and Rule 16(b) and (c) Orders:</u> Amy will move for leave to
4    proceed via pseudonym to protect her privacy. In the event she is
5    deposed, Amy will seek a protective order to limit dissemination of the
6    contents of the deposition (including her identity) and for the filing of
7    any excerpts of the deposition under seal. The parties are unaware at this
8    time of the need for any other orders the Court should issue under Rule
9    26(c) or Rule 16 (b) and (c).
10    H. <u>Expert Reports and Witnesses:</u> Plaintiff proposes that the final day for
11    submitting expert reports will be December 15, 2015 and the final day for
12    submitting a rebuttal expert's report is January 15, 2016. Defendant is
13    not sure what the dates should be.
14        i. Amy will be submitting at least two expert reports:
15            (1) A report by Dr. Joyanne Silberg, Ph. D, forensic
16                psychiatrist, of her forensic evaluation of Amy
17                demonstrating the significant and long term
18                psychological and emotional damage caused to
19                Amy as a result of pedophiles and others such as

      defendant viewing images of her being raped as a
young girl.

    (2) A report by Dr. Stan Smith, Ph. D, an Economist, concerning lost lifetime earnings and hedonistic damages caused to Amy as a result of the psychological harm caused her by pedophiles and others such as defendant viewing images of her being raped as a young girl.

   ii. Defendant is not sure if he will be submitting any expert reports.

 I. <u>Limitations on Discovery</u>: All written discovery shall be conducted in accordance with the Federal Rules of Civil Procedure and Local Rules.

 J. <u>Discovery Cut-Off</u>: The Parties agree that all fact and expert discovery must be completed by April 15, 2016.

4. <u>Dispositive Motions and Schedule:</u> Plaintiff anticipates filing a motion for partial summary judgment on the issue whether Defendant knowingly possessed, received, and/or distributed Plaintiff's child sex abuse images. The Parties agree that dispositive motions shall be filed by May 15, 2016.

5. <u>Settlement</u>: The Parties have engaged in preliminary settlement talks, but remain far apart on a resolution.

6. <u>ADR</u>: The parties believe that ADR Procedure No. 1 (which provides for a settlement conference with the judge or magistrate) or ADR Procedure No. 2 (which provides for settlement before a neutral selected from the Court's Mediation Panel) are best suited to the circumstances of this case.

7. <u>Trial Estimate:</u> The trial of this matter will be by jury. The Parties anticipate that the trial of this matter will take approximately two days, although trial could be shorted with stipulations to certain facts which should not be in dispute. Defendant believes trial will require 3 or 4 days.

8. <u>Additional Parties</u>: The Parties do not believe that there is a likelihood of the appearance of additional parties.

Dated:  July 31, 2015

Submitted by:

                MARSH LAW FIRM PLLC

                By  /s/Robert Y. Lewis__
                Robert Y. Lewis (Cal. Bar # 153948)
                robertlewis@marshlaw.us
                P.O. Box 4668 #65135
                New York, NY 10163-4668
                Telephone/Fax: (212) 372-3030

                LAW OFFICES OF RUSSELL G. PETTI

                By  /s/ Russell G. Petti
                Russell G. Petti (Cal Bar # 137160)
                E-mail: rpetti@petti-law.com

|   |   |
|---|---|
| 1 | 466 Foothill Blvd. # 389 |
| 2 | La Canada, California 91011 |
| 3 | Telephone: (818) 952-2168 |
| 4 |   |
| 5 | (Signature on Attachment A) |
| 6 | Gregory Allen Webb |
| 7 | Defendant Pro Se |
| 8 | Dismas Charities Inc. |
| 9 | 307 N. Church Street |
| 10 | Greensboro, NC 27401 |
| 11 |   |

ATTACHMENT A-

B. DEFENDANT 'S STATEMENT:

Defendant requests that this Court take Judicial Notice of Defendant's pending Motion for Appointment of Counsel in this matter (hearing date: July 27, 2015). That date will be after the filing deadline for this document. Defendant anticipates that the statement of Defendant could change after the Court's ruling on the Motion to Appoint Counsel.

Defendant GREGORY ALLEN WEBB "WEBB" admits that in September and October of 2007 he forwarded a batch of images he received from an informant to an undercover federal agent. "WEBB" denies he knowingly distributed child pornography because he never opened or viewed the vast majority of the images and neither has nor at any time had any personal awareness of their contents, nor did he knowingly transmit or distribute images of minors. "WEBB" was only charged with and only pleaded to possession of a single image and not distribution of same. "WEBB" denies any knowledge of the number of files involved nor is he aware of the contents of the files he forwarded. "WEBB" admits that on March 7, 2008 federal agents seized his computer. "WEBB" denies the allegations made in paragraph one of Plaintiff's statement as "WEBB" never viewed the number and nature of the images seized on his computer. "WEBB" admits he forwarded a batch of files but denies he knowingly distributed child pornography. "WEBB" denies that he was at any time aware of viewing any images of "AMY" and is only now aware of her existence because the government stated he possessed her image on his computer. In addition, images transmitted to "WEBB" may have automatically been saved on "WEBB'S" hard drive without" WEBB" having ever opened or viewed them due to operating nature of the file sharing program.

"WEBB'S" plea agreement admitted that at least one image found on his computer was child pornography but "WEBB'S" plea agreement did not admit that "WEBB" distributed child pornography. "WEBB" admits that 18 USC 2255(a) creates a cause of actions for victims of specified actions but denies that the claim stated by Plaintiff in her Complaint pursuant to this statute has any merit or validity. Paragraph 5 in Plaintiff's statement omits the text "...while a minor was a victim (list predicates) and who suffered personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor may sue..." WEBB contends that this omission shows an incorrect reading of the statute where Plaintiff fails to state a claim against WEBB.

"Webb" admits that an image of "AMY" was found by law enforcement on WEBB'S computer only because apparently the photo found by law enforcement officers matched "AMY'S". "WEBB" denies ever viewing an image of "AMY" and has no actual knowledge of what "AMY" looks like at any age and has no actual knowledge of the nature and contents or of having possessed a pornographic image of "AMY." Nor was WEBB aware of the contents found of "AMY" on his computer.

" WEBB" further contends that based upon the judge's ruling in the criminal action that Plaintiff suffered no damages as a result of WEBB'S actions and the consequent denial of restitution to Plaintiff, principles of res judicata and/or collateral estoppel should bar Plaintiff's current claims.

Page 1 of 2

"WEBB" further contends that all of Plaintiff's claims are time barred by the statute of limitations. The computer containing the images was seized by Federal Agents on March 8, 2008. No images were possessed by "WEBB" after that date. Plaintiffs potential cause of action occurred no later than March 8, 2008 the latest date of any criminal act by "WEBB" which may serve as a predicate for these causes of action. Plaintiffs cases of action under 18 USC 2255 (a), 18 USC 2252A (f) and California tort law of invasion of privacy are subject to statutes of limitations are six years, four years, and one year respectively. Plaintiff complaint was filed six years and six months after March 8, 2008 and each claim is barred by the applicable statute of limitations.

*signature*
Gregory Allen Webb

ATTACHMENT B

B iii – DEFENDAT DISCOVERY PLAN

Defendant requests that this Court take Judicial Notice of Defendant's pending Motion for Appointment of Counsel in this matter (hearing date: July 27, 2015). That date will be after the filing deadline for this document. Defendant anticipates that the discovery plan may change substantially after the Court's ruling on the Motion to Appoint Counsel.

<u>Defendant will seek discovery on the following issues:</u>

Discovery devices Defendant intends to use include a) deposing Amy and her experts pertaining to but not limited to harm actually caused by Defendant, and Defendant only, to Plaintiff b) propounding written discovery questions including: 1) Interrogatories; 2) Requests for Admission 3) Requests for production of documents, c) subpoena of additional documents from non-party witnesses, (d) use of expert witnesses to cross examine the findings and substance of the expert reports prepared on behalf of Plaintiff, (e) court records from Defendant's criminal trial and (f) payment records from Plaintiff's counsel with regard to fees said lawyers have charged Plaintiff and other clients for other similar civil suits. Defendant intends to object to any efforts by Plaintiff (noted in Plaintiff's statement) to seek discovery of "all images" in Defendant's computer. Defendant will object to any efforts by Plaintiff to seek materials that he contends are not reasonably calculated to lead to the discovery of admissible evidence in this case and he intends to invoke his Constitutional right to privacy where applicable. Defendant intends to seek a protective order in that regard where and if this should be necessary.

*[signature]*
Gregory Allen Webb