IN THE UNITED STATES DISTRICT COURT OF CALIFORNIA FOR THE CENTRAL DISTRICT OF CALIFORNIA

"AMY"
    Plaintiff )
V. )
"GREGORY ALLEN WEBB" ) Civil No. LACV14-7556 (RGK)
    Defendant )
)

FILED
CLERK, U.S. DISTRICT COURT
JUL 31 2015
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## DEFENDANT'S MOTION TO EXTEND TIME FOR DISCOVERY SCHEDULING APPEARANCE

NOW COMES Gregory Allen WEBB, ("WEBB"), the defendant pro se in the above mentioned civil action, pursuant to rule 6(b) (1) (A) of the Federal Rules of Procedure, moves this court to extend the time for the scheduling conference appearance before the court on August 10, 2015 to November 30, 2015. "WEBB" offers in support of this motion the following facts.

## FACTS

1. Defendant has before the court a motion for appointment for counsel, to be ruled on July 27, 2015. The August 10, 2015 appearance date is only 2 weeks after this date, if "WEBB'S motion is granted newly appointed counsel will not have time to review and acclimate themselves to this case and will not be able to make informed decisions in the case on Defendant's behalf.

2. If counsel is not appointed "WEBB" will then be forced to continue as a pro se Defendant. "WEBB" asks the court to take judicial notice of the fact that "WEBB" is still in custody of the Federal Bureau of Prisons and will be until Sept. 9, 2015 at the earliest and Oct. 28, 2015 at the latest. On June 17, 2015 "WEBB" was moved from FCC Petersburg-Low to a Residential Re-Entry Facility in Greensboro NC. On or about June 20, 2015 "WEBB" notified both his Case Manager and the Director of the facility regarding his ordered appearance before the court on August 10, 2015 in Los Angeles. "WEBB" was told by the facility director to write a letter to the Bureau of Prisons which he did and gave said letter to "WEBB'S" Case Manager, Ms. S. Bell. on July 24, 2015 Ms. S. Bell informed "WEBB" his request to be allowed to travel to Los Angeles in order to appear before the court on August 10, 2015 was denied by the Bureau of Prisons. Reason given to "WEBB" was "he is still in federal custody and the Bureau of Prisons would not allow "WEBB" to leave Greensboro NC and travel to Los Angeles while still in custody". "WEBB" asked his case manager what would happen if he left on his own to attend federal court on August 10 "WEBB" was informed he would be charged with escape from federal custody, arrested and placed into an appropriate holding facility until the charge is brought to trial. On or about July 17, 2015 Defendant "WEBB" spoke to his Probation Officer who will be handling "WEBB's" supervised release, about his immediate travel requirements regarding this case. "WEBB'S" Probation Officer, Mr. Kevin Alligood, informed "WEBB" the policy for the federal probation department is "no travel outside the district of supervision would be allowed within the first thirty days of supervision". "WEBB" asked his probation officer what would happen if he left on his own to attend federal court in Los Angeles "WEBB" was informed he would be charged with a violation of his terms of supervised release, a charge which would lead to his arrest.

3. "WEBB" asks the court to take judicial notice of the fact that Defendant will be released from federal custody by no later than October 28, 2015. "WEBB" requests that the court adjourn the appearance hearing from August 10, 2015 to November 30, 2015. "WEBB" recognizes the requested delay is very lengthy, however Defendant knows that this amount of time is needed. If the court orders the Defendant's motion for counsel this will be a sufficient amount of time for newly appointed counsel to become informed concerning all the details and facts of this case well before any

required appearances or filings before the court are ordered. If the court denies "WEBB'S" motion for counsel this delay will be enough time for Defendant to be completely released from custody of the Bureau of Prisons, and the November 30, 2015 date is also after the travel restriction imposed by the Federal Probation Department. "WEBB" is indigent and this amount of time should be sufficient to allow "WEBB" to hopefully acquire the funds needed for travel from North Carolina to Los Angeles.

4.  Plaintiff "AMY" is represented by multiple professional counsels both in New York and the Los Angeles area and a delay in rescheduling this case will not cause any disability to Plaintiff or Plaintiff's multiple law firms.

## Conclusion

"WEBB" beside being indigent is under multiple severe disabilities by not only having extremely limited access to the materials and tools needed to defend this federal civil case but is also at a complete standstill in terms of traveling from North Carolina to Los Angeles, while still in federal custody as both the Bureau of Prisons and "WEBB'S" federal probation officer have informed him no travel is or will be allowed to Los Angeles until late November and if "WEBB" travels on his own to the court in Los Angeles he will be charged with escape and or a violation of his terms of federal supervision, both of which are federal crimes. "WEBB" begs the court to grant this motion for a time extension in order for "WEBB" to properly defend this case and to be allowed to legally fulfill all of the appearance requirements the court may order in the future.

Respectfully Submitted to the court on July 27, 2015

_____
GREGORY ALLEN "WEBB"
Defendant pro se
DISMAS CHARITIES INC.
307 N. Church Street
Greensboro, NC 27401


I certify that on July 27, 2015 I mailed a copy of this notice with first class postage pre-paid addressed to Plaintiff's consul of record at: Mr. Robert Lewis, Marsh Law Firm PLLC, PO Box 4668 #65135, New York, NY 10163-4668.

_____
Gregory Allen "WEBB"

I certify that on July 27, 2015 I mailed a copy of this notice with first class postage pre-paid addressed to Plaintiff's consul of record at: Mr. Russell G. Petti 466 Foothill Blvd. #389 La Canada, CA 91011.

_____
Gregory Allen "WEBB"

Gregory Weed
c/o
Dismas Charities
207 N. Church St.
Greensboro, N.C.
27401

United States District Court - Los Angeles
312 N. Spring St
Los Angeles, CA
90012

ATTN: CLERK OF COURT

CASE# LACV14-7556 (RGK)

RECEIVED
CLERK, U.S. DISTRICT COURT
JUL 31 2015
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY



U.S. POSTAGE
PAID
GREENSBORO, NC
27401
JUL 27 15
AMOUNT
$1.20
R2304H109006-06

